**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

KAYA HUDGINS,             )
                              )
       Plaintiff,        )
                              )    Case No. 23-cv-00218
       v.               )
                              )    Judge Matthew F. Kennelly
BOARD OF EDUCATION OF THE  )
CITY OF CHICAGO, et al    )
                              )
       Defendants.      )

---

## KAYA HUDGINS' MOTION FOR CLARIFICATION OF COURT ORDER

---

Plaintiff KAYA HUDGINS hereby moves this honorable Court to clarify the status of the University of Chicago as a Defendant.

### BACKGROUND SUMMARY

1. In the Court's Memorandum Opinion and Order filed June 30, 2023, the Court dismissed Ms. Hudgins' §1983 claim against Defendant University of Chicago ("the University") for "failure to sufficiently plead Monnell liability." (Dkt. 52 at 23).

2. Language indicating dismissal of the University as a Defendant—as contrasted with dismissal of the Amended Complaint—was absent in the Court's conclusion to its Memorandum Opinion and Order, where the Court stated its decision that Hudgins's §1983 claim against the University was "dismissed for failure to state a claim" (Dkt. 52 at 26).

3. Similarly, the Court's admonition in its June 30, 2023, Memorandum Opinion and Order that "[t]he parties should be prepared to discuss further proceedings . . .

1

at the telephonic status hearing" on July 6, 2023, which status hearing included the University, suggested that the University remained in the litigation at that point. (*Id.*).

4.      At the telephonic status hearing on July 6, 2023, counsel for the University apparently tried to get the Court to state that the University was no longer a party to the instant litigation. (See Ex. 1 at 10:16-25). The Court will recall it replied in conditional language: "**if** you're out, you're out," (emphasis supplied) (*Id.*), and then advised the University that it should "play it as if you were still a party in the case." (*Id.* at 11:23-24).

5.      The Court, on July 23, 2023, ordered the Revised Motion for Class Certification to be filed by November 8, 2023, (Dkt. 59), and Ms. Hudgins duly filed that Motion on November 8, 2023, (Dkt. 74).

6.      The Revised Motion for Class Certification contained substantial and new allegations of constitutional violations against the proposed class by the University. (*e.g.* Dkt. 74 at pp. 2, 3, 9, and 10). These allegations coalesced from facts developed over the still-ongoing discovery in the instant litigation, though the University disputes that it has any remaining discovery obligations, (see Ex. 2;[1] Ex. 3). The University's communications suggest it has no intention of responding to the Revised Motion for Class Certification. (See Ex. 2).

7.      The Motion for Class Certification, because of these new allegations, included a request for leave to file a Second Amended complaint if such a filing were required

---

[1] The original attachments to the University's email are included in Exhibit 2. These have been included for completeness' sake; their contents are not relevant to this motion.

by the Court in order to bring said allegations against the University in the context of a class action. (Dkt. 74, p. 2, footnote 1).

8.    The University, in an email to Plaintiff dated January 9, 2024, (Ex. 2), asserts that the Court's June 30, 2023, ruling in Dkt. 52 constituted a dismissal of the University (rather than dismissal of the Complaint) apparently with prejudice. The University's interpretation, however, does not easily square with the 7th Circuit's reasoning in *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana, 786 F.3d 510 (7th Cir. 2015)*. In that case, the panel reversed a final judgment of dismissal, opining that a district court's grant of a motion to dismiss under Rule 12(b)(6) did not bar a plaintiff from filing an amended complaint to overcome deficiencies in her pleading. *See id.* at 519-522. District courts, the panel noted, "routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss." *Id.* at 521 (quoting *Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008)*). Thus, the *Runnion* court strengthened the "federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities," which "requires that [a] plaintiff be given every opportunity to cure a formal defect in his pleading," *Runnion*, 786 F.3d at 520.

**COURT ACTION REQUESTED**

Plaintiff Hudgins requests this Court to enter an Order:

1.  Clarifying that the Court's dismissal of Ms. Hudgins's complaint against the University "for failure to state a claim" was not a dismissal of the University

3

as a party with prejudice.

2. Clarifying or ruling that the University, because it had outstanding discovery obligations continuing after June 30, 2023, would have had to remain a party to this litigation because new matter establishing *Monell* liability could (and did) come to light as a result of continued discovery;

3. Clarifying that the University of Chicago remains a Defendant in Case No. 23-cv-00218;

4. Requiring the University to answer Hudgins's Motion for Certification on an expedited basis;

5. Clarifying the Court's position whether a Second Amended Complaint is required in order to keep the University of Chicago in this case, and, if so required, granting leave to Plaintiff to file a Second Amended Complaint for claims against the University for violating Plaintiff's constitutional rights.

Dated: January 18, 2024

KAYA HUDGINS,

By: */s/ John. W. Mauck*
One of their attorneys

John W. Mauck
Judith A. Kott
Robin J. Rubrecht
**MAUCK & BAKER, LLC**
1 N. LaSalle St., Suite 3150
Chicago, IL, 60602
312-726-1243
jmauck@mauckbaker.com
jkott@mauckbaker.com
rrubrecht@mauckbaker.com

Sorin A. Leahu

4

**Leahu Law Firm, LLC**
53 Jackson Blvd. Suite 1527
Chicago, IL 60604
847-529-7221
sleahu@leahulaw.com

## CERTIFICATE OF SERVICE

I, John W. Mauck, an attorney, hereby certify that I served the foregoing **KAYA**

**HUDGINS' MOTION FOR CLARIFICATION** on all counsel of record on January

18, 2024, via the District Court's CM/ECF system.

*/s/ John W. Mauck*
JOHN W. MAUCK

## SERVICE LIST

David J. Stein / David.Stein@gtlaw.com
Tiffany S. Fordyce / fordycet@gtlaw.com
Naomi Lazar / naomi.lazar@gtlaw.com
Greenberg Traurig, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601

Kaitlin T. Salisbury / ktsalisbury@cps.edu
Christina Rosenberg / crosenberg@cps.edu
Board of Education of the City of Chicago
Law Department
1 N. Dearborn St., #900
Chicago, IL 60631

James J. Sipchen / jsipchen@pretzel-stouffer.com
Kayla A. Condeni / kcondeni@pretzel-stouffer.com
Pretzel & Stouffer, Chartered
200 S. Wacker Dr. Suite 2600, Chicago, IL 60606

Mark S. Mester / mark.mester@lw.com
Johanna Spellman / johanna.spellman@lw.com
Renatta Gorski / renatta.gorski@lw.com
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611

Carolyn M. Homer (pro hac vice)
carolyn.homer@lw.com
Latham & Watkins LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004

6