**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KAYA HUDGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-00218 |
| | ) | |
| BOARD OF EDUCATION OF THE | ) | Judge Matthew F. Kennelly |
| CITY OF CHICAGO; et al. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND TO DECERTIFY THE CLASS**

The Board of Education of the City of Chicago (the "Board") and The David Lynch Foundation ("DLF") (together "Defendants"), by and through their undersigned counsel, file this Motion for Summary Judgment and to Decertify the Class. In support therefore, Defendants state as follows:

Summary judgment is warranted "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To survive summary judgment, Hudgins must present evidence to establish a triable issue of fact on all essential elements of her claims. *Lewis v. CITGO Petroleum Corp.*, 561 F.3d 698, 702 (7th Cir. 2009). If there is no triable issue of fact on even one essential element of the nonmovant's case, summary judgment is appropriate. *Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). Here, Defendants are entitled to summary judgment for several reasons.

1. **First**, Defendants are entitled to summary judgment because Hudgins cannot establish liability under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). "[A] municipality cannot be held liable [under *Monell*] without an underlying violation of the Constitution by a municipal employee." *Ezell v. City of Chicago*, No. 18 C 1049, 2019 WL 3776616, at *4 (N.D. Ill. Aug. 12, 2019).

Here, based on the undisputed facts in this case, no reasonable juror could find a Board or DLF employee liable for an Establishment or Free Exercise Clause violation.

2. **Second**, Hudgins' Establishment Clause claim fails because neither Hudgins, nor the class members were a "captive audience," as defined by applicable law, the conduct at issue was not religious in nature, and Defendants did not coerce the class to participate in either Transcendental Meditation ("TM") or the Quiet Time program ("QT").

3. **Third**, Hudgins' Free Exercise Clause claim fails because QT and TM were presented to all students in the same general manner. *See St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 631 (7th Cir. 2007) (The principle of "general applicability" forbids the government from "impos[ing] burdens only on conduct motivated by religious belief in a selective manner."). Further, Neither QT or TM puts a "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Vision Church v. Vill. of Long Grove,* 468 F.3d 975, 996 (7th Cir. 2006).

4. **Fourth**, Hudgins is required to show that Defendants' action was taken with deliberate indifference to the constitutional rights at issue. *First Midwest Bank v. City of Chi.*, 988 F.3d 978, 987 (7th Cir. 2021). However, the evidence shows that QT came to select Chicago Public Schools after DLF won a research study competition held by the University of Chicago focused on improving school violence, crime, and culture. The evidence further shows that QT was not presented as religious or as part of any religious programing and that TM was offered as an optional, simple, relaxation technique for students to learn that was designed to reduce toxic stress, reduce teen violence, and improve school culture that was in no way connected with any religion, ideology, or belief system.

5. **Fifth**, Hudgins is required to show that Defendants, through their deliberate conduct, were the "moving force" behind the constitutional violation at issue. *First Midwest Bank*, 988 F.3d at 987. Plaintiff cannot do so because the schools sent home permission forms as well as other information to parents and guardians concerning QT and TM. Further, the undisputed facts show

2

that students were not required to learn or participate in TM and could stop participating at any time. Given this undisputed evidence, even if it could be said that QT, and specifically TM as taught by independent certified contractors, resulted in some deprivation of students' First Amendment rights, that deprivation was, at best, negligent and unintended, not deliberate as required for imposition of *Monell* liability.

6. **Sixth**, students who did not participate in TM lack standing to maintain this lawsuit. The Seventh Circuit explained that for a plaintiff to have standing to assert a violation of the Establishment Clause, she must, at a minimum, have come into direct contact with the allegedly offensive religious activity or display. *Freedom From Religion Found., Inc. v. Zielke*, 845 F. 2d 1463, 468-69 (7th Cir. 1988). Therefore, the students who only participated in QT, not TM, lack standing because they never participated in the introductory lesson, received a mantra, or engaged in TM training which is the activity that Hudgins alleges was religious and offended the Establishment Clause.

7. **Seventh**, courts are empowered to adjudicate the issue of damages at the summary judgment stage if doing so would be helpful to the progress of the litigation. *Ne. Illinois Reg'l Commuter R.R. Corp. v. Kiewit W. Co.*, 396 F. Supp. 2d 913, 921 (N.D. Ill. 2005). Plaintiff cannot recover compensatory damages for emotional distress because she does not claim to have seen any health care professional as a result of any emotional distress and she admitted to not having any demonstrable emotional distress at all. Plaintiff also cannot recover for educational misconduct, as such damages are not available under Illinois law. *See Gociman v. Loyola Univ. of Chicago*, 41 F. 4th 873, 882 (7th Cir. 2022) ("In Illinois, educational malpractice claims are not cognizable.")

8. **Eighth**, Hudgins is not entitled to recover punitive damages against DLF. Punitive damages are appropriate only when plaintiff is able to make a showing that a defendant's conduct was motivated "by evil intent, or when it involves reckless or a callous indifference to federally protected rights." *Smith v. Wade*, 461 U.S. 30, 56 (1983). However, even if TM could somehow be found to have

3

violated Hudgins' rights under the Establishment or Free Exercise Clauses, evidence of "evil intent" or a "callous or reckless disregard" of federal rights on the part of DLF is lacking.

9.      **Ninth**, even if summary judgment is not warranted as to the Board, DLF is entitled to summary judgment because it is not a state actor. To prevail in an action brought under section 1983, Hudgins must also establish that each defendant's alleged deprivation of her constitutional rights was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). Hudgins contends that DLF's conduct is not purely private because it acted in concert with or engaged in a conspiracy with the Board, who Hudgins contends is a state actor. (Dkt. 2, ¶ 15). However, Hudgins cannot offer any evidence that DLF and the Board ever had an agreement or "meeting of the minds" to unconstitutionally place religious programming into CPS schools, therefore, Hudgins' attempt to establish DLF as a state actor through a conspiracy theory fails.

10.      **Tenth**, even if summary judgment is not warranted the class should be decertified. Once a class has been certified, it can be decertified any time prior to entry of judgment. *See Culver v. City of Milwaukee*, 277 F.3d 908, 915 (7th Cir. 2002) (affirming district court's decertification of the class, explaining that Rule 23(c)(1) "provides that an order certifying a class 'may be altered . . . before the decision on the merits.'") (quoting Fed. R. Civ. P. 23(c)(1)). Now that discovery in this case is complete, it is apparent that the Establishment Clause claim requires individualized proof and inquiries that will substantially overwhelm issues common to the class. For example, Emotional distress damages are inherently individualized and must be proven on a case-by-case basis. *See Madison County Jail Inmates v. Thompson*, 773 F. 2d 834, 844 (7th Cir. 1985) ("This is not a case where compensable damages may be awarded in the absence of proof of actual harm. We agree with the district court that the evidence was insufficient to establish actual harm for the 3,700 inmates for whom [emotional distress] damages were awarded."). Further, The Establishment Clause claim will necessarily require Hudgins and the Class to demonstrate that Defendants coerced them into participating in a religious

exercise. *See, e.g.*, *Josiah-El-Bey*, 2024 WL 4202730, at *4. However, whether a student was coerced is necessarily an individual inquiry. *See Ubaldi*, 2014 WL 1266783, at *12 ("[C]lass members would have to show fraud, duress, or coercion, which are necessarily individual inquiries."). Accordingly, the class should be decertified.

11.     For these reasons and as detailed more fully in Defendants' Memorandum of Law in support of their Motion for a Summary Judgment, Defendants respectfully requests that the Court grant this Motion, enter judgment in favor of Defendants on all counts, decertify the class, and grant all other relief that is just and proper.

Dated: October 22, 2024                                    Respectfully submitted,

**BOARD OF EDUCATION OF THE**          **THE DAVID LYNCH FOUNDATION**
**CITY OF CHICAGO**

By:  */s/ Tyler L. Salway*                              By:  */s/ James J. Sipchen*
Tiffany S. Fordyce (Attorney No. 235063)      James J. Sipchen (Atty No. 6226113)
David J. Stein (Attorney No. 6307086)          jsipchen@pretzel-stouffer.com
Tyler L. Salway (Attorney No. 6330381)         Kayla A. Condeni (Atty No. 6316635)
Naomi Lazar (Attorney No 6346021)             kcondeni@pretzel-stouffer.com
Greenberg Traurig, LLP                              Pretzel & Stouffer, Chartered
77 W. Wacker Drive, Suite 3100                  200 S. Wacker Drive, Suite 2600
Chicago, IL 60601                                     Chicago, IL 60606
P: 312.456.8400                                        Telephone: (312) 578-7422
F: 312.456.8435
fordycet@gtlaw.com
david.stein@gtlaw.com
salwayt@gtlaw.com
naomi.lazar@gtlaw.com

Thomas Doyle
Kaitlin T. Salisbury
The Board of Education of the City of Chicago
Law Department
1 N. Dearborn Street, Suite 900
Chicago, IL 60602
tadoyle2@cps.edu
ktsalisbury@cps.edu

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 22, 2024, I caused the foregoing document to be electronically served on counsel of record in this case.

_/s/ Tyler L. Salway_
