## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement and General Release ("Settlement Agreement" or "Agreement") is made and entered into as of the date of the last signature below by and between Kaya Hudgins ("Plaintiff"), Class Counsel (as defined below), the Board of Education of the City of Chicago (the "Board"), and the David Lynch Foundation ("DLF") (the Board and DLF are together the "Defendants"). All of the foregoing parties to the Settlement Agreement are each a "Party" and collectively the "Parties."

**WHEREAS**, on January 13, 2023, Plaintiff filed a complaint against the Board and DLF in the United States District Court for the Northern District of Illinois, captioned, *Hudgins v. The David Lynch Foundation, et al.*, No. 1:23-cv-00218 (N.D. Ill.) (the "Action"), asserting federal and state claims seeking damages and attorneys' fees for violations of the Establishment and Free Exercise Clause of the United States Constitution, each arising out of the Quiet Time Program that was implemented in certain Chicago Public Schools ("Quiet Time").

**WHEREAS**, Plaintiff filed a First Amended Complaint on February 3, 2023;

**WHEREAS**, Plaintiff filed a Motion for Class Certification on February 25, 2023;

**WHEREAS**, the Board and DLF filed a Motion to Dismiss on March 31, 2023;

**WHEREAS**, the Court granted the Motion to Dismiss on June 30, 2023, dismissing Plaintiff's claims for violations of the Illinois Religious Freedom Restoration Act and breach of Illinois common law and constitutional duties owed to Plaintiff;

**WHEREAS**, The Court denied Plaintiff's Motion for Class Certification on July 6, 2023;

**WHEREAS**, Plaintiff filed a Revised Motion for Class Certification on January 16, 2024;

**WHEREAS**, The Court granted Plaintiff's Revised Motion for Class Certification, in part, on April 19, 2024;

**WHEREAS**, The Court granted Plaintiff's Revised Motion for Class Certification as to Plaintiff's Establishment Clause claim only;

**WHEREAS**, the Court defined the Class as: any individual who is or was a student in the Chicago Public Schools and who participated in the "Quiet Time" program offered at one of the following public schools: William J. Bogan High School, James H. Bowen High School, Percy L. Julian High School, Daniel Hale Williams Prep School of Medicine, Amundsen High School, TEAM Englewood High School, Gage Park High School, or Telpochcalli Elementary School during the academic calendar for 2015-16, 2016-17, 2017-18, or 2018-19, and who reached, or will reach, the age of eighteen on or after January 13, 2021;

**WHEREAS**, Defendants deny Plaintiffs' allegations in the Action;

**WHEREAS**, the Parties desire fully and finally to settle their disputes that are the subject of the Action without further legal proceedings, pursuant to the terms set forth in this Settlement

Agreement, and any and all possible disputes or obligations that may exist between them, without any admission of liability by the Defendants; and

**WHEREAS**, on November 4, 2024, and November 26, 2024, the Parties attended a settlement conference facilitated by Judge Matthew Kennelly, in which the Parties participated in arm's length negotiations and eventually reached this Settlement Agreement.

**NOW, THEREFORE**, in consideration of the mutual representations, warranties, covenants, and agreements, and upon the terms and subject to the conditions hereinafter set forth, it is agreed by, between, and among the Parties that, subject to Court approval, the Action shall be fully and completely settled according to the following terms and conditions.

1. **DEFINITIONS.**

    In addition to various terms defined elsewhere, the terms listed in this Section shall have the meanings ascribed to them for purposes of this Agreement:

    1.1.    **"Action"** or **"Class Action"** means the action titled *Hudgins v. The David Lynch Foundation, et al.*, No. 1:23-cv-00218 (N.D. Ill.), which was filed in the United States District Court for the Northern District of Illinois.

    1.2.    **"Attorneys' Fees and Litigation Costs"** means all fees and costs incurred in connection with Plaintiffs' prosecution and settlement of the Action, including attorneys' fees (of any firm or attorney), court expenses, expert fees, costs related to preparation of and filing of the Action, costs related to preparation and administration of the settlement (defined below as Settlement Administration Costs) and any and all other costs and expenses incurred in any way in connection with the prosecution or settlement of Plaintiffs' claims against Defendants, provided that Plaintiff and her counsel acknowledge and agree that Plaintiff's counsel may not recover any costs or fees incurred on or before December 13, 2022.

    1.3.    The **"Board"** means the Board of Education of the City of Chicago.

    1.4.    The **"Board's Counsel"** means Greenberg Traurig. For purposes of providing any notices required under this Agreement, the Board's Counsel shall refer to Thomas Doyle, Board of Education of the City of Chicago, 1 North Dearborn Street, Suite 900, Chicago, Illinois 60602.

    1.5.    **"Class Counsel"** means Mauck & Baker, LLC and Leahu Law Group, LLC. For purposes of providing any notices required under this Agreement, Class Counsel shall refer to John W. Mauck, Mauck & Baker, LLC, 1 N. LaSalle St., Suite 600, Chicago, IL, 60602, and Sorin Leahu, Leahu Law Group, LLC, 53 W. Jackson Blvd., Suite 1527, Chicago, IL 60604.

    1.6.    **"Claim Form"** means the form attached to the Class Notice which requests Class Members to indicate whether they wish to receive a payment under the settlement, substantially in the form as attached as Exhibit 1 to this Settlement Agreement.

1.7. "**Class Member**" refers to any individual who is or was a student in the Chicago Public Schools (the "Board") and who participated in the "Quiet Time" program in any way at one of the following public schools: William J. Bogan High School, James H. Bowen High School, Percy L. Julian High School, Daniel Hale Williams Prep School of Medicine, Amundsen High School, TEAM Englewood High School, Gage Park High School, or Telpochcalli Elementary School during the academic calendar for 2015-16, 2016-17, 2017-18, or 2018-19, and who reached, or will reach, the age of eighteen on or after January 13, 2021. There are 763 Class Members.

1.8. "**Class Net Settlement Amount**" means the Settlement Amount less any amounts that the Court approves for: (i) Class Attorneys' Fees and Litigation Costs (including any and all Settlement Administration Costs); and (ii) any amount approved by the Court and paid to Plaintiff as a service payment.

1.9. "**Class Settlement Notice**" means the notice of the **proposed** settlement to be provided to Class Members, substantially in the form as attached as Exhibit 2 to this Settlement Agreement.

1.10. "**Court**" shall mean the United States District Court for the Northern District of Illinois.

1.11. "**Defendants**" means the Board and DLF.

1.12. "**DLF's Counsel**" means Pretzel & Stouffer. For purposes of providing any notices required under this Agreement, DLF Counsel's shall refer to James J. Sipchen, Pretzel & Stouffer, 200 South Wacker, Suite 2600, Chicago, Illinois 60606.

1.13. "**Final Approval Order**" means the order entered by the Court that finally and unconditionally approves of the settlement and dismisses the Defendants from the Action with prejudice and without costs (except as otherwise provided herein), with the Court retaining jurisdiction over the Action for purposes of: (1) ensuring compliance with the terms of this Agreement; (2) hearing and ruling on any petitions for payments from the QSF; (3) approving or scheduling any payments from the QSF (as defined below); or (4) any other class administration required by Rule 23 of the Federal Rules of Civil Procedure.

1.14. "**Notice Period**" means the period beginning on the date the Settlement Administrator mails notice of the Parties' settlement, as provided for in Section 7, and ending on the date sixty (60) calendar days thereafter, except that the Parties may agree to extend the Notice Period in writing for people to whom notice was mailed and returned as undeliverable, to the extent the Settlement Administrator re-sends notice after following up through skip-tracing efforts. The Notice Period may only be extended under these circumstances upon written agreement and consent of all Parties.

1.15. "**Plaintiff**" means Kaya Hudgins.

1.16. **"Preliminary Approval Order"** means an order entered by the Court that preliminarily approves of the Parties' proposed settlement, that requires any requests for exclusion from the settlement or objections to the settlement to be postmarked and received by the last day of the Notice Period, and that sets a date for a hearing concerning final approval of the settlement (the "**Final Approval Hearing**") no sooner than 100 days but no later than 125 days after entry of the Preliminary Approval Order.

1.17. **"Qualified Settlement Fund or QSF"** means a qualified settlement fund within the meaning of Treasury Regulation § 1.468B-1, *et seq*., set up by the Settlement Administrator for administration of the class settlement. Any payment or distribution for the QSF shall require Court approval.

1.18. **"Released Claims"** means those claims released by all Class Members as set forth in Section 4.2.

1.19. **"Released Parties"** means the Defendants and their parent companies, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, business units, shareholders, members, and all of their current and former officers, directors, board members, agents, attorneys, insurers (including Alliance of Nonprofits for Insurance), employees, and assigns, and all persons acting through, under or in concert with any of them.

1.20. **"Service Award"** or **"Service Payment"** means the amount paid to Plaintiff, subject to approval of the Court, as payment for her efforts for the benefit of the Class Members, including assisting Class Counsel with the prosecution of the Action.

1.21. **"Settlement"** means the final resolution of the Action as embodied by the terms and conditions of this Settlement Agreement.

1.22. **"Settlement Administrator"** means Simpluris, Inc., the entity selected by Plaintiff to provide notice to the Class Members (as defined herein) and to administer all payments that the Court authorizes from the Qualified Settlement Fund.

1.23. **"Settlement Amount"** means the gross sum to be paid by Defendants to settle this case, which is $2,600,000.00, which covers all consideration to settle, inclusive of fees and cost which include payments made to: (a) Class Members; (b) any service payment paid to Plaintiff; (3) any Attorneys' Fees and Litigation Costs paid to Class Counsel; and (4)any settlement administration costs paid by Class Counsel for the Settlement Administrator's services (including preparing and mailing requisite CAFA notices).

1.24. **"Settlement Class Members"** refers to any Class Member who has not opted-out of the settlement or otherwise previously released their claims against the Released Parties.

1.25. **"Settlement Effective Date"** means the date after which the Final Approval Order will be final and no longer subject to appeal. Specifically:

a. If no appeal is taken, on the date on which the time to appeal (including any possible extension of time to appeal) has expired (sixty-one (61) days absent a court-approved extension); or

b. If an appeal is taken, the date on which all appeals, including petitions for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review, have been finally disposed of, such that the time to appeal (including any potential extension of time) has expired.

The Settlement Effective Date is not impacted by any appeal from an any order regarding any amount requested or paid from the Qualified Settlement Fund. For example, if an appeal is filed regarding a Court order regarding a petition for attorneys' fees (or a Court order regarding a petition for a service payment), that appeal shall not impact the Settlement Effective Date.

2. **NO ADMISSION OF LIABILITY AND NO CONCESSION AS TO THE MERITS.**

Defendants enter into this Agreement to avoid the risks, uncertainty, expense and burden of further litigation. Defendants deny that they violated the law in any manner and specifically deny that they violated the United States Constitution or any federal law as Plaintiff alleges. The Parties agree and acknowledge that neither this Agreement nor their settlement shall be alleged or construed by anyone to be an admission of any violation of the United States Constitution, any state constitution, or any federal, state or local statute, ordinance, or regulation, or of any duty owed by Defendants to anyone, and that the sole purpose of this Agreement is to avoid the cost of further litigation. This Agreement is a settlement document and shall be inadmissible as evidence in any proceeding, except in a proceeding to approve, interpret, or enforce its terms.

3. **SETTLEMENT AMOUNT AND ALLOCATION.**

3.1. **Settlement Amount.**

a. The Settlement Amount is $2,600,000.00, and is comprised of a payment from the Board in the amount of $1,300,000 (the "**Board Settlement Amount**"), and a payment from DLF in the amount of $1,300,000 (the "**DLF Settlement Amount**"). The Settlement Amount shall be deposited into the QSF. No portion of the Settlement Amount can be paid out from the QSF unless the Court specifically approves that payment. This is a Non-Reversionary Common Settlement Fund which means that under no circumstances will any portion of the Settlement Amount revert back to the defendant the Board or to the defendant DLF.

b.    In the event either one or both of the defendants fail to make the agreed Settlement Amount payment by the time required, Plaintiff may file a Motion for Breach of the Settlement Agreement to enforce the terms of the Settlement Agreement against the defaulting party.

3.2.  **Attorneys' Fees And Litigation Costs.**

a.    In connection with moving for preliminary approval and again at final approval, Class Counsel will file a petition for court approval of Class Counsel's request for Attorneys' Fees and Litigation Costs incurred by Class Counsel in litigation and settlement of the Action. Defendants shall not oppose Class Counsel's petition. However, Class Counsel agrees that their petition for Attorneys' Fees and Litigation Costs shall only include attorneys' fees and costs incurred in connection with the legal work performed in this Action on or after December 13, 2022. The petition will not seek any attorneys' fees or costs incurred in connection with the legal work performed in the cases captioned 20-cv-04540 or 23-cv-00646.

b.    Any Attorneys' Fees and Litigation Costs approved and paid as part of this settlement shall be paid from the QSF.

c.    The Settlement Administrator shall issue Class Counsel an IRS Form 1099 for the payment of Attorneys' Fees and Litigation Costs, as required by law.

d.    Attorneys' Fees and Litigation Costs shall be paid directly to Class Counsel, by wire transfer from the QSF, under a schedule to be established by the Court.

3.3.  **Service Payment.**

a.    As part of the motion for preliminary approval and then again at final approval, Class Counsel will petition the Court for an award of a service payment to Plaintiff.

b.    If the Court awards a service payment to Plaintiff, then the service payment shall be paid from the QSF, under a schedule to be approved by the Court.

c.    Any service payment awarded by the Court shall be distributed by the Settlement Administrator in a separate check. The check will expire no more than 120 calendar days after the date of issuance, but a failure to deposit or cash the check within this time shall have no effect on Plaintiff's release of Released Claims pursuant to Section 4.1.

d.    The Settlement Administrator shall issue Plaintiff an IRS Form 1099 for the payment of the service payment, as required by law.

  e. In exchange for Plaintiff agreeing to a release of all claims against Defendants that were, or could have been, asserted, Defendants will not oppose any request by Class Counsel for a service payment to Plaintiff.

  f. If the Court does not approve the entire amount of a petition for a service payment, the unapproved portion of the total requested amount shall be added to the Class Net Settlement Amount for distribution to the Class Members who file Claim Forms.

3.4. **Settlement Administration Costs.** Settlement administration costs, including but not limited to the costs of printing, distributing, and tracking documents for this settlement; distributing notices and settlement payments to Class Members; providing necessary reports and declarations; and other duties and responsibilities necessary to administer this settlement, shall be paid out of the amount awarded to Class Counsel as Attorneys' Fees and Litigation Costs as set forth in Section 3.2. Such Settlement Administration Costs shall be paid by wire transfer from the QSF under a schedule to be approved by the Court.

3.5. **Class Net Settlement Amount.**

  a. The Class Net Settlement Amount is equal to the Settlement Amount ($2,600,000.00) less any amounts payable pursuant to this Agreement as Attorneys' Fees and Litigation Costs (which includes any and all Settlement Administration Costs), less any amounts approved by the Court and paid to Plaintiff as a service payment. In no event shall Defendants be liable to the Settlement Class Members individually or collectively for more than the Class Net Settlement Amount.

  b. The Settlement Administrator shall issue an IRS Form 1099 to any Class Member who receives a payment from the QSF, as required by law.

  c. The Parties acknowledge and agree that neither the Board nor DLF shall have any responsibility for any tax obligations that may be incurred by any recipients of any payments made pursuant to this Agreement.

3.6. **DLF Statement.** In addition to the monetary relief noted herein Section 3.1 through Section 3.5, DLF, in the event it offers transcendental meditation ("TM") instruction to students who are minors and under the age of 18 in a school setting, will require opt-in permission slips to be completed by a student's parents before that student is permitted to receive TM instruction. All opt-in permission slips will include the following language:

"Before your written consent to having your child learn TM, here is some more information about the program. If you choose to allow your child to learn TM, prior to instruction the teacher will perform a brief expression of gratitude in Sanskrit to the tradition of teachers from whom the TM technique comes. Some may interpret the Sanskrit ritual performed by the TM instructor as a religious

ceremony and the mantra given to your child as religious. DLF does not believe any part of TM is religious. Feel free to do your own research."

4. **RELEASES.**

4.1. **Release By Plaintiff.** As of the Settlement Effective Date, in consideration for the promises set forth in this Agreement, including the service payment, Plaintiff, individually and on behalf of her successors, assigns, agents, executors, heirs, and personal representatives, voluntarily waives and releases any and all claims, obligations, demands, actions, rights, causes of action and liabilities against the Released Parties of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, state, federal and/or local law, statute, ordinance, regulation, constitution, common law, or other source of law or contract, whether known or unknown and whether anticipated or unanticipated, including all claims arising from or relating to any and all acts, events and omissions occurring prior to the date of the signing of this Agreement, including but not limited to, all claims which relate in any way to the Quiet Time Program or relate in any way to Chicago Public Schools.

4.2. **Release by Class Members.** As of the Settlement Effective Date, and in exchange for the opportunity to receive a payment under this settlement and regardless of whether they in fact receive such a payment, all Settlement Class Members (including Plaintiff) forever, fully, irrevocably and unconditionally release and discharge the Released Parties from all claims, causes of action, and legal theories of relief that were alleged, or could have been alleged, or otherwise raised in the Action (the "**Released Claims**"). The Released Claims include, but are not limited to any alleged violations of the Establishment Clause and Free Exercise Clause of the United States Constitution arising from the Quiet Time Program.

4.3. All Settlement Class Members understand and agree that the release set forth in Section 4.2 is a full and final release of all Released Claims that are presently known, anticipated, or disclosed to the Class Members, as well as those that are presently unknown, unanticipated, or undisclosed to the Class Members.

4.4. **Release between the Board and DLF.** As of the Settlement Effective Date, each of Defendants, on behalf of itself and all of its parent companies, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, business units, shareholders, members, and all of its predecessors and successors, officers, directors, agents, attorneys, employees and assigns, and all persons acting through, under or in concert with it, hereby releases the other Defendant its parent companies, subsidiaries, affiliates, benefit plans, plan fiduciaries and/or administrators, business units, shareholders, members, and all of its predecessors and successors, officers, directors, agents, attorneys, employees and assigns, and all persons acting through, under or in concert with it, from any and all claims, obligations, demands, actions, rights, causes of action and liabilities of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, state, federal and/or local law, statute, ordinance,

regulation, constitution, common law, or other source of law or contract, whether known or unknown and whether anticipated or unanticipated, including all claims arising from or relating to any and all acts, events and omissions occurring prior to the date of the signing of this Agreement.

## 5. PRELIMINARY APPROVAL OF SETTLEMENT.

All terms of this Agreement are contingent upon final Court approval of the Parties' settlement.

5.1. **Motion for Preliminary Approval of Settlement.**

    a.    The Parties agree that Plaintiff will file a mutually agreeable Unopposed Motion for Preliminary Approval of Class Action Settlement (the "**Unopposed Motion**") seeking preliminary approval of the Parties' proposed class action settlement. Plaintiff shall file the Unopposed Motion as directed by the Court.

    b.    The Parties agree that Defendants being required to pay any amount greater than the amount specified in Section 3.1 shall be deemed a material change that will allow Defendants (at their option) to void the Settlement.

    c.    In the Unopposed Motion, Class Counsel shall disclose:

    d.    (a) the maximum amount that they intend to request in any petition for Attorneys' Fees and Litigation Costs; (b) the maximum amount that they intend to request in any petition for a service payment for the Plaintiff; and (c) any allocation formula that they intend to propose to the Court regarding how much to pay each Class Member who files a Claim Form.

## 6. NOTICES MANDATED BY STATUTE.

6.1. Upon the filing of the Unopposed Motion, Class Counsel will instruct the Settlement Administrator to mail notices of the Parties' proposed settlement to all "appropriate federal officials" and "appropriate state officials" (collectively, "Government Officials") no later than 10 days thereafter as required by 28 U.S.C. § 1715.

6.2. The Settlement Administrator, with Defendants' assistance, shall prepare the notices referenced in the preceding Section 6.1, which shall include the information required by 28 U.S.C. § 1715.

6.3. The mailings described in this Section shall not be subject to the non-disclosure obligations in Section 11, and neither Party shall be deemed in breach of those non-disclosure obligations as a result of the Settlement Administrator's mailing of such materials to the Government Officials or as a result of any other disclosures made to Government Officials regarding such mailings.

7. **NOTICE TO CLASS MEMBERS.**

    7.1.   **Mailing of Notices**.

        a.     Within twenty-one (21) calendar days of the Court granting Preliminary Approval of the Parties' proposed settlement, the Settlement Administrator will compile and mail and e-mail the Class Notice to Class Members (or their parent or legal guardian, as applicable). The Class Notice will set forth the estimated settlement amount, instructions for receiving a payment under the settlement, including a Claim Form, and instructions for objecting to the settlement.

        b.     The Settlement Administrator shall send the Notice by certified First Class U.S. Mail to each of the Class Members at such individuals' best mailing address to be determined by the Settlement Administrator. The Settlement Administrator shall also e-mail the Notice to each Class Members' e-mail address. A link will be embedded in each e-mail Notice that will enable Class Members to submit their Claim Form electronically.

        c.     Within twenty-one (21) calendar days of the conclusion of the Notice Period, the Settlement Administrator shall send a reminder notice via mail and e-mail to each Class Member (or their parent or legal guardian, as applicable) who has not yet returned a Claim Form.

        d.     Every fourteen (14) days, the Settlement Administrator shall notify Class Counsel of any Class Notice returned as undeliverable.

    7.2.   **Class Members' Claims for Payments Under the Settlement.** To receive payment through this settlement, Class Members (or their parent or legal guardian, as applicable) must submit a valid and timely Claim Form to the Settlement Administrator. This Claim Form, which will be included with the Class Notice, must include the Class Member's name, address, telephone number and signature. To be effective, a Claim Form must be: (i) submitted electronically via the class website administered by the Settlement Administrator or postmarked during the Notice Period; and (ii) received by the Settlement Administrator no later than seven (7) calendar days after the close of the Notice Period. The Settlement Administrator will inform Class Counsel of Claim Forms received on a bi-weekly basis. Class Members who do not submit a valid and timely Class claim form to the Settlement Administrator shall be deemed to remain a Settlement Class Member and be bound as a Settlement Class Member by this Settlement Agreement unless they request exclusion from the Settlement Class pursuant to Section 7.3.

    7.3.   **Opting-Out of the Settlement.** Class Members (or their parent or legal guardian, as applicable) may request to be excluded from the Settlement Class by sending a written letter to the Settlement Administrator stating they want to opt-out of, or be excluded from, the Settlement Class. This letter must include the Class Member's name, address, telephone number and signature ("**Opt-Out Letter**"). To be

effective, an Opt-Out Letter must be: (i) postmarked or submitted during the Notice Period; and (ii) received by the Settlement Administrator no later than seven (7) calendar days after the close of the Notice Period. The Settlement Administrator will inform Class Counsel, the Board's Counsel, and DLF's Counsel of any Opt-Out Letters received on a bi-weekly basis.

7.4.  **Objecting to the Settlement.** Class Members (or their parent or legal guardian, as applicable) may, unless they have opted out pursuant to Section 7.3, present objections to the proposed settlement, in whole or in part, at the Final Approval Hearing. To do so, an objector must first present their objections to the Settlement Administrator in writing. To be considered, such objections must be postmarked during the Notice Period and received by the Settlement Administrator no later than seven (7) calendar days after the close of the Notice Period. A request for exclusion that does not include all of the foregoing information, that is sent to an address other than the address set out in the Class Notice, or that is not postmarked to the Settlement Administrator within the time specified, shall be invalid and the person servicing such a request shall be deemed to remain a Settlement Class Member and shall be bound as a Settlement Class Member by this Settlement Agreement. The Settlement Administrator shall file any and all objections with the Court within fourteen (14) calendar days of the close of the Notice Period.

a.  An objector has the right to appear at the Final Approval Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Final Approval Hearing must state his or her intention to do so at the time he/she submits his/her written objections to the Settlement Administrator. Any objector may withdraw his/her objections at any time. No Class Member may appear at the Final Approval Hearing to object to the settlement, whether in whole or in part, unless they have submitted a timely objection that complies with Section 7.4.

8.  **FINAL APPROVAL OF SETTLEMENT.**

8.1.  Within thirty-five (35) days of the close of the Notice Period, Plaintiff will file an unopposed motion seeking a Final Approval Order as defined in Section 1.13 above, to be drafted by Class Counsel and approved by Defendants.

8.2.  Class Counsel shall move the Court in the motions for preliminary and final approval to grant approval in such as manner as to approve the releases of claims of the Class Members who are minors, as required by the applicable provisions of Illinois law including, but not limited to, Illinois Circuit Court of Cook County Rule 6.4.

8.3.  The Parties may file written responses to any objections at the same time that Plaintiff files her motion for final approval of the settlement.

8.4.  The Parties agree that if the settlement does not become final for any reason, the Parties will cooperate to place themselves in the exact position as if no settlement

had been attempted, provided that the Parties may jointly seek a continuance of the trial date.

9. **FUNDING OF SETTLEMENT ACCOUNT.**

On the thirtieth (30th) calendar day after the Settlement Effective Date, Defendants, as transferors, will transfer into the QSF any amounts payable from the Defendants pursuant to this Agreement, which is comprised solely of the Board Settlement Amount and the DLF Settlement Amount. The Settlement Administrator shall administer any funds transferred into the QSF, but the Settlement Administrator shall only make payments that are specifically authorized by the Court.

10. **PAYMENTS TO CLASS MEMBERS.**

10.1.   For each Class Member (or their parent or legal guardian, as applicable) who submits a valid Claim Form under Section 7.2 of this Agreement, the Settlement Administrator shall mail that Class Member their settlement payment under a schedule to be established by the Court.

10.2.   Settlement payments shall be in accordance with an allocation formula to be approved by the Court, which will govern the amount to be paid to each Class Member who submits a valid Claim Form. Class Counsel shall file a proposed allocation formula with the Court as part of the process for Preliminary Approval and Final Approval, under Sections 5 and 8. Defendants will not object to Class Counsel's allocation formula proposal, but the allocation formula must be approved by the Court.

10.3.   Class Members can select the type of payment they prefer on their submitted Claim Forms.  The Class Administrator's Distribution of the payments to Class Members may be by check, or through electronic deposit (such as through Zelle, PayPal, or Venmo).  Class Members who do not deposit or accept funds within 120 days of receipt will be deemed to have waived their right to payment under this Agreement but will still be bound by all of this Agreement's terms.  Funds that have not been timely deposited or accepted by the Class Members will be distributed in accordance with Section 10.7.

10.4.   Checks issued pursuant to this Agreement shall expire no more than 120 calendar days after they are issued, but a failure by any Class Member to deposit or cash a check, or accept an electronic transfer, within the period allotted shall have no effect on that individual's release pursuant to Section 4.2.

10.5.   If any issued settlement checks are not cashed or deposited after 60 calendar days from issuance, the Settlement Administrator will send a written reminder to each Class Member (or their parent or legal guardian, as applicable) reminding him/her

that if s/he fails to cash a settlement check by the deadline appearing on the check, the check will expire and become non-negotiable.

10.6. All payments to Class Members are fully dependent and conditioned upon a full and complete release of all Released Claims in accordance with the terms of this Agreement.

10.7. If any amount remains in the QSF as a residual after all valid Claim Forms have been paid as a result of one or more Class Members having failed to timely deposit or accept his/her payment, that residual amount shall be distributed *pro rata* to all Class Members who filed valid Claim Forms and did timely deposit or accept their payments electronic payment pursuant Section 10.3 above. In other words, the Parties agree that the entire Class Net Settlement Amount shall be distributed to Class Members who file valid Claim Forms and timely deposit or accept their payment within the time frame set forth in Section 10.3.

## 11. CONFIDENTIALITY/NON-DISCLOSURE/NO SOLICITATION.

11.1. Plaintiff, Class Counsel, the Board, and DLF will keep the terms of this Agreement confidential until the Unopposed Motion for Preliminary Approval of the settlement is filed, as contemplated by Section 5.1 above. No counsel may issue any press release(s), otherwise make any public statement(s), or communicate with any non-party to this Class Settlement Agreement about this settlement or its terms prior to the Court's entry of the Final Approval Order. Should there be any inquiries to the parties or their counsel regarding this Class Settlement Agreement by any media or non-parties to this Class Settlement Agreement prior to the entry of the Final Approval Order, Plaintiff, Class Counsel, the Board, and DLF shall respond by making the following statement: "The Court has granted preliminary approval of a Class Action Settlement in this case, and more information regarding the case can be found at quiettimeclassaction.com." The Board and DLF may also further respond to any such inquiries by stating, in substance, that they deny any liability, the settlement is not an admission of liability, they are committed to complying with the law, and have settled to avoid the burden of continued litigation. The Board and DLF may further make public disclosures as required to comply with regulatory disclosure obligations and/or Generally Accepted Accounting Principles. Notwithstanding the foregoing, nothing herein shall prevent Class Counsel from communicating with members of the Settlement Class about the Parties' settlement or the Agreement.

11.2. To the extent consistent with professional rules and law, Class Counsel, the Board's Counsel, and DLF's Counsel will not solicit or encourage any member of the Settlement Class to reject, contest, or opt-out of this settlement. Further, to the extent consistent with professional rules and law, up until Final Approval of this settlement, Class Counsel will not represent, encourage, solicit, or otherwise assist any Class Member who contests the settlement or attempts to litigate with Defendants over the Released Claims.

12. **DOCUMENTS AND DISCOVERY.**

Within 180 days after dismissal of this Action, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under the Protective Order entered in the case captioned 20-cv-04540, and incorporated into this Action by stipulation, including copies as defined in Section 3(a) of the Protective Order, shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

13. **TERMINATION OF SETTLEMENT AGREEMENT.**

If forty (40) or more of the Class Members, in the aggregate, seek to opt out from the Parties' settlement, this Agreement shall be voidable at either the Board's or DLF's option, provided that the Board or DLF exercises this option no later than fourteen (14) days before the Final Approval Hearing. If the Board or DLF exercise their option to void the Agreement pursuant to this Section, the exercising party shall be responsible for any costs incurred to date relating to administration of the Settlement. If a Defendant exercises its option to void the Agreement, it shall be null and void and of no effect whatsoever to that Defendant only, except for Section 11, which shall remain in effect. By signing this Agreement, Plaintiff agrees she will not seek to be excluded from the Parties' settlement.

14. **DISPUTES REGARDING ADMINISTRATION OF SETTLEMENT.**

Any disputes not resolved by the Parties, following a good faith effort to meet and confer, concerning administration of the settlement will be resolved by the Court.

15. **COMPLETE AGREEMENT, NO RELIANCE.**

Other than as stated herein, the Parties warrant that no representation, promise, or inducement has been offered or made to induce any Party to enter into this Agreement and that they are competent to execute this Agreement and accept full responsibility. This Agreement contains and constitutes the entire understanding and agreement between the Parties and supersedes all previous oral and written negotiations, agreements, commitments, and writings in connection therewith. This Agreement may not be amended or modified except by a writing signed by authorized representatives of all Parties.

The Parties each have had the benefit of the advice of their own counsel in negotiating, drafting, and executing this Agreement. Neither the Agreement, nor any provision in it, shall be deemed to have been prepared or drafted by any particular party or construed against any party on the ground that such party drafted the Agreement or any provision hereof. This Agreement has been, and must be construed to have been, drafted by all the Parties to it, so that any rule that construes ambiguities against the drafter will have no force or effect.

16. **MODIFICATION OF AGREEMENT.**

This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their counsel of record.

17. **KNOWING AND VOLUNTARY AGREEMENT.**

Plaintiff agrees that she is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance. She affirms that she has not been coerced, threatened, or intimidated into signing this Agreement and that she has been advised to consult with, and has in fact consulted with, an attorney before signing this Agreement. Class Counsel represents that they have conducted a thorough investigation into the facts of the Action and have diligently pursued an investigation of the claims asserted on behalf of the Class Members against Defendants. Based on their own independent investigation and analysis of information provided by Defendants, Class Counsel is of the opinion that the settlement with Defendants is fair, reasonable, and adequate, and in the best interest of the Class Members, in light of all known facts and circumstances, including the risks of significant delay and defenses asserted by Defendants.

18. **DISPUTE RESOLUTION.**

This Agreement shall be governed by the laws of Illinois, without regard to that state's choice of law provisions or any other jurisdiction, and, when applicable, the laws of the United States. Any dispute as to the administration of the settlement, the duties of the Settlement Administrator, or otherwise related to the claims process or this Agreement shall be adjudicated exclusively within the existing case captioned No. 23-cv-00218 in the United States District Court for the Northern District of Illinois.

19. **BINDING ON SUCCESSORS AND ASSIGNS.**

This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, issue, next-of-kin, executors, administrators, successors, and assigns.

20. **COUNTERPARTS AND SIGNATURES.**

This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to the Parties. Facsimile or electronic signatures will be accepted and shall be binding on the Parties.

21. **HEADINGS.**

The headings used in this Agreement are for convenient reference only, and do not alter or limit the terms of each Section.

**IN WITNESS WHEREOF,** the Parties each voluntarily and without coercion cause this Agreement to be signed and entered as of the respective dates written below.

Plaintiff:                                              The Board of Education of the City of
                                                        Chicago:

DocuSigned by:

_____              _____
Kaya Hudgins

Dated: _____                 Title: _____
       01/17/2025

                                               Dated: _____

CLASS COUNSEL:                                 The David Lynch Foundation:


_____              _____
Mauck & Baker, LLC

Dated: _____                 Title: _____

                                               Dated: _____

**IN WITNESS WHEREOF,** the Parties each voluntarily and without coercion cause this Agreement to be signed and entered as of the respective dates written below.

Plaintiff:                                  The Board of Education of the City of
                                            Chicago:


_____                   _____
Kaya Hudgins
                                            Title: _____
Dated: _____
                                            Dated: _____


CLASS COUNSEL:                              The David Lynch Foundation:

Signed by:

Judith Kott

_____                   _____
Mauck & Baker, LLC
                                            Title: _____
Dated: 01/17/2025
_____                           Dated: _____

**IN WITNESS WHEREOF,** the Parties each voluntarily and without coercion cause this Agreement to be signed and entered as of the respective dates written below.

Plaintiff:

The Board of Education of the City of Chicago:

DocuSigned by:

_Ruchi Kim_

50D66E9FFA4489...

_____

Kaya Hudgins

Title: General Counsel

Dated: _____

Dated: 01/17/2025

CLASS COUNSEL:

The David Lynch Foundation:

_____

Mauck & Baker, LLC

Title: _____

Dated: _____

Dated: _____

**IN WITNESS WHEREOF,** the Parties each voluntarily and without coercion cause this Agreement to be signed and entered as of the respective dates written below.

Plaintiff:

The Board of Education of the City of Chicago:

_____

Kaya Hudgins

Title: _____

Dated: _____

Dated: _____

CLASS COUNSEL:

The David Lynch Foundation:

_Bill Goldstein_
003F40D117F94CC...

_____

Mauck & Baker, LLC

Title: General Counsel

Dated: _____

Dated: 01/17/2025

**Exhibit 1**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

KAYA HUDGINS,

              Plaintiff,

    v.

THE DAVID LYNCH FOUNDATION, et al.,

           Defendants.

Case No. 1:23-cv-00218
Hon. Matthew Kennelly

## CLAIM FORM

I was a student who participated in the "Quiet Time" program offered at one of the following Chicago Public Schools: William J. Bogan High School, James H. Bowen High School, Percy L. Julian High School, Daniel Hale Williams Prep School of Medicine, Amundsen High School, TEAM Englewood High School, Gage Park High School, or Telpochcalli Elementary School during the academic calendar for 2015-16, 2016-17, 2017-18, or 2018-19, and who reached, or will reach, the age of eighteen on or after January 13, 2021.

I hereby consent to participate in the proposed settlement.

I understand that by signing this Claim Form, if the Settlement is approved by the Judge, then as of the effective date of the Settlement, I am choosing to receive my share of the Settlement Fund. I also understand that I am releasing the Defendants and related entities from the Released Claims described in the Settlement Agreement.

Dated: _____

Signature: _____

Name (printed): _____

Name as it appears on your settlement notice (if different): _____

Address: _____

Phone: _____

Email: _____

Pin No.: _____

Please select from **<u>one</u>** of the following payment options:

☐ **<u>Paper Check</u>**
    Paper checks will be mailed to the addressed you provided above.

☐ **<u>PayPal</u>**
    Enter the email address or phone number associated with your PayPal
    account: _____.

☐ **<u>Venmo</u>**
    Enter the mobile number associated with your Venmo account: _____.

☐ **<u>Zelle</u>**
    Enter the email address or phone number associated with your Zelle
    account: _____

Send this completed form to:    *Hudgins v. The David Lynch Foundation*
                                       c/o Settlement Administrator
                                       P.O. Box 25226
                                       Santa Ana, CA, 92799

*Please note that this claim form may be submitted electronically by visiting* www.QuietTimeClassAction.com.

Exhibit 2

**UNITED STATED DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS**

*Hudgins v. The David Lynch Foundation, et al.*, No. 1:23-cv-00218

# NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

**THIS IS A COURT-AUTHORIZED NOTICE, IT IS NOT A SOLICITATION.**
**PLEASE READ THIS NOTICE CAREFULLY.**
**YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT**
**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER OR NOT YOU ACT.**

From: donotreply@QuietTimeClassAction.com

To:     «Class Member Email»

**Class Member Name:**     «Firstname» «Lastname»

**Class Member ID:**     «SIMID»

**Notice ID:**     «Claim Login ID»
**PIN:**     «PIN»
**(Personal Identification Number)**

To:     All students who (i) participated in the Quiet Time program at one of
the following Chicago Public Schools (William J. Bogan High School, James
H. Bowen High School, Percy L. Julian High School, Daniel Hale Williams
Prep School of Medicine, Amundsen High School, TEAM Englewood High
School, Gage Park High School, or Telpochcalli Elementary School) during
Chicago Public School's academic calendar for 2015-16, 2016-17, 2017-18,
or 2018-19, and (ii) reached age eighteen on or after January 13, 2021.

You are receiving this notice because you have the right to join a settlement for current or former students in the Chicago Public Schools who (1) participated in the "Quiet Time Program" offered at one of the following public schools: William J. Bogan High School, James H. Bowen High School, Percy L. Julian High School, Daniel Hale Williams Prep School of Medicine, Amundsen High School, TEAM Englewood High School, Gage Park High School, or Telpochcalli Elementary School during the academic calendar year for 2015-16, 2016-17, 2017-18, or 2018-19, and (2) who reached, or will reach, the age of eighteen on or after January 13, 2021. The settlement concerns claims for alleged violations of the establishment clause of the United States Constitution against the Chicago Board of Education and the David Lynch Foundation. This notice informs you of the settlement, the settlement terms that may affect you, and how to receive settlement money. This notice is only a summary.

The Court has preliminarily approved the settlement as fair and reasonable. If the Court gives final approval of the Settlement, it is not reversed by an appellate court, and if you timely submit a Claim Form, you will be eligible to recover your settlement share. **The size of the payments to class members who submit valid Claim Forms has not yet been determined. At this time, we estimate that each class member who timely files a valid Claim Form will receive at least $1,000.00.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM FORM TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A PAYMENT** | If you wish to settle your claims and receive a payment, you must submit a timely and valid **CLAIM FORM**, attached to this Notice. If you do so, and if the Court grants final approval of the settlement, you will receive payment by way of a check in the mail or through an electronic deposit (such as through Zelle, PayPal, or Venmo) based on your selection. |

| | |
|---|---|
| **OBJECT TO THE SETTLEMENT** | You may also participate in the settlement but object to its terms, letting the Court resolve your objections. If you object to the settlement, you will be bound by the Court's decision, and if the Court grants final approval of the settlement, you will receive payment by way of a check in the mail or through electronic deposit and you will release all claims against the Chicago Board of Education and the David Lynch Foundation associated with this action. |
| **OPT-OUT OF THE SETTLEMENT** | If you wish to be excluded from the Settlement Class, you must file a timely and valid opt-out letter to the Settlement Administrator consistent with the instructions detailed in Section 4 below. If you opt-out, you will not participate in the settlement, you will not release your claims against the Board of Education for the City of Chicago or the David Lynch Foundation, and you will not receive any payment. |
| **DO NOTHING** | By doing nothing, you will not participate in the settlement, you will give up any right to receive a payment from this settlement, and you will release all claims against the Chicago Board of Education and the David Lynch Foundation. |

## 1. What is this lawsuit about?

Plaintiff Kaya Hudgins ("Hudgins"), a former student at Bogan High School, filed a class action lawsuit alleging that the Board of Education of the City of Chicago ("Board") and the David Lynch Foundation ("DLF") (together "Defendants") violated the Establishment Clause of the First Amendment to the U.S. Constitution when they collaborated to implement and facilitate the "Quiet Time Program." The Quiet Time program consisted of two 15-minute periods of time during class in which everyone was expected to engage in a quiet activity. During Quiet Time, some students would participate in Transcendental Meditation ("TM") that they had learned from a representative affiliated with DLF. Hudgins alleges that TM is religious in nature.

DLF and the Board dispute the claims and allegations, deny that the Quiet Time Program violated the Establishment Clause, and further deny they engaged in any wrongdoing against Hudgins, you, or any other Class Member. On April 19, 2024, Judge Kennelly of the Northern District of Illinois, granted Hudgins' Motion for Class Certification, in part, and held that Hudgins could proceed with her Establishment Clause claim in a representative capacity on behalf of you and the other Class Members. The Court did not decide whether the Defendants engaged in any wrongful conduct or are liable for the allegations that Hudgins has asserted. You may view a copy of the First Amended Complaint filed by Kaya Hudgins as well as the Class Certification Order, and the Memorandum Opinion by the Court on Defendants' Motion to Dismiss at www.QuietTimeClassAction.com.

## 2. What is the purpose of this notice?

The purpose of this notice is to inform you of your rights and options **and the deadlines to exercise them** under the Settlement Agreement. The Court still must decide whether to grant final approval of the settlement. Payments will be made if the Court grants final approval of the settlement and after any appeals are resolved. Please be patient.

## 3. What does the settlement provide?

Below is a summary of the terms in the proposed settlement. All of the terms are available for review on the settlement website, www.QuietTimeClassAction.com, or you can ask for a copy of the Settlement Agreement from the Settlement Administrator. The Settlement Administrator's contact information is in Section 15 of this Notice. You also may contact Plaintiffs' Counsel for more information. Their information is in Section 16 at the end of this Notice.

**Settlement Amount:** The settlement requires the Defendants to pay a total of $2,600,000.00 available to satisfy the settlement, and is comprised of a payment from the Board in the amount of $1,300,000.00, and a payment from DLF in the amount of $1,300,000.00.

**Class Net Settlement Amount:** The Class Net Settlement Amount is equal to the Settlement Amount, $2,600,000.00, less any amounts payable pursuant to the Class Settlement Agreement as Attorneys' Fees and Litigation Costs (which includes any and all Settlement Administration Costs), less any amounts approved by the Court and paid to Hudgins as a Service Award.

**Allocation of Class Net Settlement Amount:** The Class Net Settlement Amount shall be allocated in the manner to be directed by Order of the Court.

**Individual Awards:** Because you are one of the approximately 763 former students who participated in the "Quiet Time Program" offered at one of the following public schools: William J. Bogan High School, James H. Bowen High School, Percy L. Julian High School, Daniel Hale Williams Prep School of Medicine, Amundsen High School, TEAM Englewood High School, Gage Park High School, or Telpochcalli Elementary School during the academic calendar year for 2015-16, 2016-17, 2017-18, or 2018-19, and who reached, or will reach, the age of eighteen on or after January 13, 2021, your share will come exclusively from the Class Net Settlement Amount. All Class Members who file a timely and valid Claim Form (attached hereto) indicating their intention to participate will receive a payment.

**Other Terms:** The Court must approve the settlement as fair and reasonable before the settlement can go into effect. If approved, any Class Members who participates will be deemed to have released all claims they may have against the Defendants relating to the Quiet Time Program. If forty (40) or more of the Class Members, in the aggregate, seek to opt-out from the settlement, the Board and DLF both independently have the right to cancel the settlement before the Final Approval Hearing.

## 4. What are my options?

You can respond to this notice in one of four ways: (1) you can choose to receive your share of the settlement money in exchange for submitting a Claim Form and giving up your claims against the Board and DLF; (2) you can choose to participate in the settlement but object to its terms and let the Court resolve your objections, understanding that you will be bound by the Court's decision; (3) you can choose to opt-out of the settlement and be excluded from the Settlement Class, understanding that you will not receive money and you will not release your claims; or (4) you can do nothing, in which case you will not receive money and you will still give up your claims against the Board and DLF. The effects of your choice are described in more detail below.

**To Receive Your Settlement Award:** If you want to receive your share of the Class Net Settlement Fund, you must timely complete and submit a Claim Form online at the Settlement Website at www.quiettimeclassaction.com or by mailing the Claim Form to the Settlement Administrator at the address in Section 15 below by [**Close of Notice Period**]. If you received an email notice, a link to the online Claim Form is provided. If you elect to mail your Claim Form to the Settlement Administrator, it must be postmarked by [**Close of Notice Period**] and received by the Settlement Administrator no later than [**seven (7) calendar days after the close of the Notice Period**]. Any Claim Form post-marked after [**seven (7) calendar days after the close of the Notice Period**] will be considered late and may be invalid. If you submit a timely Claim Form and

the Court approves the settlement, you will receive payment by way of a check in the mail or through electronic deposit for your share of the Class Net Settlement Fund. Unless you choose to opt-out of this settlement, you will release all claims against the Board and DLF associated with this lawsuit. The complete language describing the claims you will be giving up and the parties covered by the release is available from the Settlement Administrator or at www.QuietTimeClassAction.com. **If you participate in the settlement, it is important that you inform the Settlement Administrator if your address or electronic deposit account changes so the Settlement Administrator can mail your check to you or make an electronic deposit into your account.**

**To Opt-Out of the Settlement:** You may request to be excluded from the Settlement Class by sending a written letter to the Settlement Administrator at the address in Section 15 below stating that you want to opt-out of, or be excluded from, the Settlement Class. This letter must include your name, address, telephone number, and signature. To be effective, the letter must be (i) postmarked by [**Close of Notice Period**] and (ii) received by the Settlement Administrator no later than [**seven (7) calendar days after Close of Notice Period**].

**To Object to the Settlement:** If you file a Claim Form to participate in the settlement, you may object to the settlement terms if you believe they are unfair. You may mail a written objection to the Settlement Administrator, at the address in Section 15 below, identifying the specific terms that you think are unfair and why. Your letter should include your name, address, telephone number, and signature. To be considered, the objection must be postmarked by [**Close of Notice Period**] and received by the Settlement Administrator no later than [**seven (7) calendar days after Close of Notice Period**]. If you object, you have the right to appear and speak, personally or through an attorney, at the Final Approval Hearing. To exercise your right to appear, you must state your intention to do so in your written objection you submit to the Settlement Administrator. You do not have to appear to have your written objection considered at the Final Approval Hearing. The Court may hold a virtual hearing, and if so, the Settlement Administrator will provide the link on the website. If the Court overrules your objection, you will still be bound by the terms of the settlement.

Understand that you cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement. If the Court denies the settlement, then no settlement payments will be mailed.

**If You Do Nothing:** If you do not submit a Claim Form or send an opt-out letter, then you: (1) will not receive money from the settlement; and (2) will give up any claims against the Board and DLF associated with this lawsuit.

| 5. No retaliation |
| --- |

Whether you decide to submit a claim form to participate in this settlement, object to it, or do nothing, you are free to make your choice without fear of retaliation. No party will retaliate against you based on your choice.

| 6. How much will my estimated payment be? |
| --- |

The size of the payment you receive will depend on the manner in which you participated in the Quiet Time Program.

**Students Who Participated in TM Training (Group A)**
You belong in Group A if you, in connection with the Quiet Time Program, participated in the TM training during the academic calendar years of 2015-16, 2016-17, 2017-18, or 2018-19 at the following Chicago Public Schools: William J. Bogan High School, James H. Bowen High School, Percy L. Julian High School, Daniel Hale Williams Prep School of Medicine, Amundsen High School, TEAM Englewood High School, Gage Park High School, or Telpochcalli Elementary School and (ii) reached age eighteen on or after January 13, 2021.

**Students Who Participated Only in Quiet Time (Group B)**

You belong in Group B if you participated in the Quiet Time program without participating in the TM training during the academic calendar years of 2015-16, 2016-17, 2017-18, or 2018-19 at the following Chicago Public Schools: William J. Bogan High School, James H. Bowen High School, Percy L. Julian High School, Daniel Hale Williams Prep School of Medicine, Amundsen High School, TEAM Englewood High School, Gage Park High School, or Telpochcalli Elementary School and (ii) reached age eighteen on or after January 13, 2021

The Settlement Administrator will determine whether you belong in Group A or Group B based upon information furnished by DLF and the Board.

The size of the payments to class members who submit valid Claim Forms, regardless of whether they are in Group A or Group B, has not yet been determined. At this time, we anticipate that each class member who files a valid Claim Form will receive at least $1,000.00.

## 7. How can I get my payment?

If you wish to receive a settlement share from the Class Net Settlement Fund, you must timely submit a Claim Form, attached hereto. An electronic copy of the Claim Form can be found online at the Settlement Website at www.quiettimeclassaction.com.

If you do so and if the Court grants final approval of the settlement, you will receive payment by way of a check in the mail or through electronic deposit. You will also receive an IRS Form 1099 from the Settlement Administrator. You are responsible for any and all tax obligations. If you elect to receive payment by way of a check in the mail, your check will expire no more than 120 calendar days after it is issued.

## 8. When will I get paid?

If the settlement is approved, monies owed to you will be mailed to you or deposited. If you want to find out whether the settlement has been approved, you can contact the Settlement Administrator, using the information in Section 15 below, or consult the website at www.QuietTimeClassAction.com. **Please be patient.**

If any of the Class Net Settlement Amount remains after all Class Members have been paid, the Class Administrator will send out a second pro rata distribution to all of the class members who (a) timely submitted a valid claim form; and (b) who cashed their initial check or who accepted an electronic payment.

## 9. Will I still get a payment if I have filed for bankruptcy while the lawsuit was pending?

If you have filed for bankruptcy, contact your bankruptcy attorney to discuss whether the bankruptcy impacts your options or your ability to collect a settlement payment. In consultation with your bankruptcy attorney, you must take the necessary steps to advise the bankruptcy trustee of this notice and any settlement payment.

## 10. How do I exclude myself from the Settlement?

To exclude yourself from the settlement, you must opt-out of the settlement. To opt-out, follow the instructions described in Section 4 above. If you opt-out, you will not be part of the case or settlement, you will not receive a settlement payment, and you will not release your claims against the Defendants.

## 11. Do I have a lawyer in this case?

Yes, if you remain a class member and don't timely submit an exclusion form. The Court has appointed as class counsel attorneys John Mauck, Judith Kott, and Robin Rubrecht of Mauck & Baker, LLC, and attorney Sorin Leahu, of Leahu Law Group, LLC as Class Counsel to represent the Class members. The address of Mauck &

Baker, LLC is One N. LaSalle Street, Ste. 3150, Chicago, Illinois 60602, and the email address is Mauckbaker@mauckbaker.com. You may also hire a different lawyer of your own choosing and at your own expense to represent you.

## 12. How will the lawyers be paid?

Class Counsel will be paid from the Settlement Amount. The Court will decide how much to award the Plaintiffs' Counsel. The Court's decision on Attorneys' Fees and Litigation Costs will impact the amount you receive, as described in Section 3 above.

## 13. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing on [DATE], at the United States District Court for the Northern District of Illinois, 219 S. Dearborn St., Chicago, IL 60604, before Judge Matthew Kennelly. You may attend and you may ask to speak, but you do not have to. The Court may hold a virtual hearing, and if so, the Settlement Administrator will provide the link on the website. At the Final Approval Hearing, the Court will consider whether the settlement is fair and reasonable. If there are any objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court will take to issue a decision.

## 14. Do I have to come to the Final Approval Hearing?

No. Class Counsel will represent all Class Members who participate in the settlement and who do not object at the hearing, and those Class Members do not need to attend. Of course, you are welcome to attend if you would like to. The Court will consider any timely objections, even if the individual who sent in the objection does not appear at the Final Approval Hearing. You may also hire a different lawyer of your own choosing at your own expense to represent you and/or attend the Final Approval Hearing.

## 15. May I speak at the Final Approval Hearing?

If you send in your objection by the deadline, you may ask the Court for permission to speak at the Final Approval Hearing. To be eligible to speak regarding an objection, you must first raise the objection by sending a letter via U.S. Mail stating (1) that you object to the Settlement Agreement; (2) all reasons for the objection; (3) your intention to appear at the Final Approval Hearing, and (4) your name, address, telephone numbers, and signature. Any objections must be mailed to the Settlement Administrator, Simpluris, Inc., at the address below, postmarked by [Close of Notice Period], and received by Simpluris, Inc. no later than [seven (7) calendar days after Close of Notice Period].

*Hudgins v. The David Lynch Foundation*
c/o Settlement Administrator
P.O. Box 25226
Santa Ana, CA, 92799

Simpluris, Inc. can be reached by phone at 1-888-406-0861. Again, you cannot speak at the hearing if you do not participate in the case and follow the steps outlined in the paragraph above. Only objections and reasons for objections included in mailed statements will be considered.

## 16. Where do I get more information?

This Notice summarizes the proposed Class Action Settlement. Complete details are contained in the Class Action Settlement Agreement and Release. The Class Action Settlement Agreement and Release, and other related documents, are available at the online Settlement Website: www.QuietTimeClassAction.com,

If you have additional questions, you may contact the Claims Administrator Simpluris by phone or mail:

Toll-Free: 1-888-406-0861

Mail:   Hudgins v. The David Lynch Foundation, et al.
        c/o Settlement Administrator
        P.O. Box 25226
        Santa Ana, CA 92799-9834

Publicly filed documents can also be obtained by visiting the Clerk of the United States District Court for the Northern District of Illinois or reviewing the Court's online docket.


**PLEASE DO NOT CONTACT THE COURT, THE JUDGE, THE BOARD OF EDUCATION FOR THE CITY OF CHICAGO, THE DAVID LYNCH FOUNDATION, OR THE DEFENDANTS' ATTORNEYS WITH QUESTIONS. THEY CANNOT ANSWER QUESTIONS.**