IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAYA HUDGINS, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE DAVID LYNCH FOUNDATION, et al., <br><br> Defendant. | Case No. 23-cv-00218 <br><br> Judge Matthew F. Kennelly |

**FINAL ORDER AND JUDGMENT CONFIRMING CLASS CERTIFICATION, APPROVING CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARD**

The Court conducted a duly-noticed telephonic final-approval hearing on May 7, 2025, regarding (i) Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 254) and (ii) Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Costs, and a Service Award to the Class Representative (Dkt. 247). Having reviewed the motions, the supporting papers, the Class Action Settlement Agreement and exhibits ("Settlement Agreement"), the record of these proceedings, and having heard the presentations of counsel at the hearing, and for the reasons stated on the record, the Court makes the following findings and ORDERS as follows:

**I.    RULE 23 CERTIFICATION FOR SETTLEMENT PURPOSES**

1.    Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement, the terms

1

of which are incorporated into this Order.

2. The Court has subject matter jurisdiction to approve the Settlement Agreement, and personal jurisdiction over Plaintiff, the Defendants, and Settlement Class Members.

3. The Settlement was preliminarily approved on February 28, 2025 (Dkt. 252), is hereby confirmed as certified for settlement purposes under Fed. R. Civ. P. ("Rule") 23(a) and 23(b)(3).

4. The Settlement does not constitute an admission of liability by Defendants, and this Order is not a finding of liability of wrongdoing by Defendants;

5. Rule 23(a) is satisfied for purposes of settlement of this action because the Class is sufficiently numerous that joinder of all members is impracticable; there are questions of law and fact common to the Class; the claims of Class Representative Kaya Hudgins are typical of the claims of the Class; and the Class Representative and Class Counsel have fairly and adequately protected the interests of the Class.

6. The Court also finds that Rule 23(b)(3) is satisfied for purposes of settlement because the common questions of law and fact predominate over any individual issues, and the Class Action is a superior method for adjudicating the case or resolving the case fairly and efficiently. The class certification requirements have thus been met.

## II. NOTICE

7. In satisfaction of Rule 23(e)(1), the Class Notice program was implemented as approved by the Court and was the best notice practicable under the circumstances.

8. No Class Members have opted out or objected to the Settlement.

### III.     FINAL APPROVAL OF THE SETTLEMENT

9.     The Court confirms final approval of the Settlement Agreement under Rule 23(e)(2). The following findings informed the Court's decision:

a) The notice program was fair, adequate, and sufficient;

b) The Class Representative and Class Counsel represented the Class adequately in connection with the settlement discussions;

c) There is a bona fide legal dispute between Plaintiff and Defendants regarding the claims and defenses asserted in this case;

d) The Settlement was negotiated at arm's length and was facilitated by multiple settlement conferences with the Court;

e) The terms of the Settlement are fair, reasonable, and adequate and is hereby finally approved, including the Released Claims and payments to be made by Defendants;

f) The relief is adequate, taking into account all factors under Rule 23(e)(2)(C), including the risks and potential for delay of trial and appeal, the effectiveness of the proposed method of distributing relief pursuant to claim forms that have been submitted;

g) The award of attorneys' fees and costs (discussed below), comprising 35% of Net Settlement Fund plus litigation and administrative costs, is properly supported and is within the standard range approved within the Seventh Circuit;

h) The Settlement treats all Class Members equitably in relation to each other, where the Settlement Class Members comprise two groups—those who were

enrolled only in Quiet Time and those who were also trained in Transcendental Meditation ("TM")—such that treating the two groups differently is appropriate;

i) The service award of $100,000 (discussed below) to be paid to Plaintiff as the Class Representative is appropriate given the very significant amount of work she did in prosecuting this Action, both while it was an individual case and once she took on the mantle of Class Representative; and

## IV. ATTORNEYS' FEES, COSTS, AND SERVICE AWARD

10. Pursuant to Fed. R. Civ. P. 23(h), the Court awards Class Counsel $860,004.49 in attorneys' fees and $42,844.31 for reimbursement of reasonable litigation expenses, which includes $87.00 for the transcript of proceedings before this Court on May 7, 2025, added to the amount set forth in Plaintiffs' fee motion (Dkt. 247).

11. The Court approves a Service Award to Plaintiff as the Class Representative in the amount of $100,000, finding that it fairly compensates her for initiating and vigorously pursuing three related actions, sitting for deposition, assisting counsel, and actively participating in settlement negotiations.

## V. SETTLEMENT AMOUNT, ADMINISTRATION, AND PAYMENT OF CLAIMS

12. The Board of Education of the City of Chicago ("the Board") and the David Lynch Foundation ("DLF") shall each pay $1,300,000 into a Qualified Settlement Fund ("QSF") set up by the Settlement Administrator, for a total Settlement Amount of $2,600,000.

13. Under the terms of the Settlement Agreement, the Defendants shall have

4

thirty (30) days from the Settlement Effective Date within which to make their payment(s).

14. The Settlement Effective Date means the date after which this Order will be final and no longer subject to appeal. If no appeal is taken, on the date on which the time to appeal (including any possible extension of time to appeal) has expired (sixty-one (61) days from the date this Order is entered absent a court-approved extension); or, if an appeal is taken, the date on which all appeals, including petitions for rehearing or re-argument, petitions for rehearing en banc and petitions for certiorari or any other form of review, have been finally disposed of, such that the time to appeal (including any potential extension of time) has expired.

15. The Class Administrator along with Class Counsel shall thereafter be responsible for distribution of payments from the QSF authorized by the Settlement Agreement and this Order as set forth below.

16. Within one week of the date on which the deposit of $2,600,000 has cleared and funds are available, the Class Administrator shall disburse payments from the QSF in the following order:

   a) Costs and administration fees ($42,844.31) are to be paid to Mauck & Baker, LLC, first;

   b) The Class Representative's Service Award ($100,000) is paid second;

   c) Attorneys' fees ($860,004.49) are paid to Mauck & Baker, LLC, thereafter;

   d) The remaining Class Net Settlement Amount ($1,597,151.20) will then

be disbursed to Class Members who timely submitted a valid claim form.

17. The Class Net Settlement Amount shall be allocated by the Class Administrator in the following manner:

   a) The Class Net Settlement Amount will be divided into shares such that the total number of shares shall equal the sum of the number of Class Members who underwent TM training (Group A) multiplied by three and the number of Class Members who were enrolled in Quiet Time only but not TM (Group B). Put simply: (Group A × 3) + (Group B × 1) = total number of shares.

   b) Class Members who underwent TM training (Group A) shall be compensated with three shares each, and Class Members who were enrolled in Quiet Time only but not TM (Group B) shall be compensated with one share each.

18. The Court approves all claims deemed valid by Class Counsel. Any pending claim forms identified in Plaintiff's May 5, 2025, status report (Dkt. 258) are deemed timely and valid notwithstanding minor technical deficiencies (e.g., missing printed name or e-mail address). The Settlement Administrator and Class Counsel shall use reasonable efforts to cure any deficiencies and shall issue payment to all approved claimants.

19. The Class Administrator's Distribution of the payments to Class Members may be by check, or through electronic deposit (such as through Zelle, PayPal, or Venmo) depending upon which type of payment Settlement Class Members selected on their

Claim Form. Class Members who do not deposit or accept funds within 120 days of receipt will be deemed to have waived their right to payment under this Agreement but will still be bound by all terms in the Settlement Agreement.

20. Funds that have not been timely deposited or accepted by the Class Members will be distributed in accordance with ¶23.

21. Checks issued pursuant to the Settlement Agreement shall expire no more than 120 calendar days after they are issued, but a failure by any Class Member to deposit or cash a check, or accept an electronic transfer, within the period allotted shall have no effect on that individual's release of claims under the Settlement Agreement.

22. If any issued settlement checks are not cashed or deposited after 60 calendar days from issuance, the Settlement Administrator will send a written reminder to each Class Member (or their parent or legal guardian, as applicable) reminding him/her that if s/he fails to cash a settlement check by the deadline appearing on the check, the check will expire and become non-negotiable.

23. If, as a result of one or more Class Members' failure to timely deposit or accept his/her payment, any amount remains in the QSF after all valid Claim Forms have been paid, the residual amount shall be distributed *pro rata* to all Class Members who filed valid Claim Forms and timely deposited or accepted their payments electronic payment pursuant ¶19 above. Ultimately, the entire Class Net Settlement Amount shall be distributed to Class Members who filed valid Claim Forms and timely deposited or accepted their payment within the time frame set forth in ¶19.

## VI. RELEASE AND DISMISSAL

24. This Action is hereby DISMISSED WITH PREJUDICE and without further costs and/or attorneys' fees in accordance with the terms of the Settlement Agreement.

25. Without affecting the finality of this Judgment, the Court retains jurisdiction over the Action for purposes of: (1) ensuring compliance with the terms of the Settlement; (2) hearing and ruling on any petitions for payments from the QSF; or (3) any other Class administration required by Rule 23 of the Federal Rules of Civil Procedure.

26. The Clerk is directed to enter judgment consistent with this Order.


**DATED:** 5/13/2025         **ENTERED:** ___[signature]___
                             **THE HONORABLE MATTHEW F. KENNELLY**